## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SHERRY METOYER-BRADLEY individually and on behalf of all those similarly situated, | * * * * | NO.: |
| Plaintiff, | * * | |
| VERSUS | * * * | INDIVIDUAL AND COLLECTIVE ACTION ACTION FOR UNPAID OVERTIME UNDER THE FLSA |
| HANCOCK WHITNEY BANK, | * * | |
| Defendant. | * | JURY TRIAL DEMANDED |

**INDIVIDUAL and COLLECTIVE ACTION COMPLAINT**

Named Plaintiff Sherry Metoyer-Bradley (hereinafter referred to as "Named Plaintiff"), individually and on behalf of all those similarly situated, by and through undersigned counsel, hereby complains as follows against Defendant Hancock Whitney Bank (hereinafter referred to as "Defendant").

**INTRODUCTION**

1. Named Plaintiff has initiated the instant action to redress Defendant's violations of the Fair Labor Standards Act ("FLSA"). Named Plaintiff asserts Defendant failed to pay Named Plaintiff and those similarly situated owed overtime wages in violation of the FLSA. As a result, Named Plaintiff and those similarly situated have suffered damages.

**JURISDICTION AND VENUE**

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

4. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA.

5. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Named Plaintiff is an adult individual who worked for Defendant in Louisiana.

8. Defendant is a company doing business in Louisiana.

9. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

10. In addition to bringing this action individually, Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of customer service managers, tellers, universal bankers, and other similar non-exempt employees presently and formerly employed by Defendant and subject to Defendant's pay practices and policies described herein at any point from the three (3) years

preceding the date the instant action was initiated through the present (hereinafter the members of this putative class are referred to as "Collective Plaintiffs").

11. Named Plaintiff's claims are typical of the claims of the Collective Plaintiffs because Named Plaintiff, like all Collective Plaintiffs, was a non-exempt employee of Defendant within the last three years and subject to the pay practices and policies described herein whom Defendant failed to pay at least one and one-half times the regular rate for all hours worked more than 40 hours in a workweek as required by the FLSA.

12. There are numerous similarly situated current and former employees of Defendant who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court-supervised notice of the instant lawsuit and the opportunity to join in the present lawsuit.

13. Similarly situated employees are known to Defendant, are readily identifiable by Defendant, and can be located through Defendant's records.

14. Therefore, Named Plaintiff should be permitted to bring this action as a collective action individually and on behalf of those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## FACTUAL BACKGROUND

15. The foregoing paragraphs are incorporated herein as if set forth in full.

16. From on or around September 11, 2017 to on or around October 2022, Defendant employed Named Plaintiff as a Customer Service Manager at Defendant's Royal Street branch in New Orleans, Louisiana

17. Throughout Named Plaintiff's employment, Defendant paid her an hourly rate.

18. Collective Plaintiffs worked/work for Defendant non-exempt, hourly positions subject to Defendant's practices and policies described herein.

19. Defendant paid/pays Collective Plaintiffs hourly rates.

20. Named Plaintiff regularly worked more than 40 hours in a workweek, inclusive of both the time recorded by Defendant and the time spent performing the Opening Procedures and/or Closing Procedures (defined herein).

21. Collective Plaintiffs regularly worked/work more than 40 hours in a workweek, inclusive of both the time recorded by Defendant and the time spent performing the Opening Procedures and Closing Procedures.

22. **Unpaid Opening Procedures**

23. The foregoing paragraphs are incorporated herein as if set forth in full.

24. Defendant's policies required/require that two employees open its retail banks each day its banks are open for business.

25. Defendant routinely required/requires Named Plaintiff and Collective Plaintiffs to assist in opening the bank branches where they were/are employed.

26. Per Defendant's policies and procedures, the employees who were/are assigned to open the bank, including Named Plaintiff and Collective Plaintiffs, were/are required to engage in significant security procedures, both inside and outside the building, prior to being permitted to clock-in.

27. Once the security procedures were/are completed, Named Plaintiff and Collective Plaintiffs were/are required to boot up or wake up their computer, wait for the computer to boot-up, open the internet homepage, wait for the timekeeping webpage to load, log into the timekeeping webpage, which enabled/enables them to clock-in, and then clock-in.

28. On days in which Named Plaintiff and Collective Plaintiffs did/do not perform the security procedures, they still had/have to perform the activities related to clocking in, including waking up or booting up their computer.

29. (Hereinafter the security procedures, booting up the work computer, and opening the program to clock-in are collectively referred to as the "Opening Procedures.")

30. None of the time Named Plaintiff and Collective Plaintiffs spent/spend engaging in any of the Opening Procedures prior to clocking-in was/is paid by Defendant; all such work was performed "off-the-clock."

31. Defendant paid/pays Named Plaintiff and Collective Plaintiffs only for the time they were/are clocked into Defendant's timekeeping system.

32. Much of this uncompensated time consists of time worked more than 40 hours in a workweek when the time spent working on-the-clock and off-the-clock is aggregated.

33. By failing to pay Named Plaintiff and Collective Plaintiffs for time spent performing any of the Opening Procedures, Defendant failed/fails to pay them at least one and one-half times their regular rates for all hours worked more than 40 hours in a workweek.

34. **Unpaid Closing Procedures**

35. The foregoing paragraphs are incorporated herein as if set forth in full.

36. Defendant's policies required/require that at least two employees perform certain procedures to close its retail banks each day its banks are open for business.

37. Defendant routinely required/requires Named Plaintiff and Collective Plaintiffs to perform these procedures at the bank branches where they were/are employed.

38. Per Defendant's policies and procedures, the employees who were/are assigned to close the bank, including Named Plaintiff and Collective Plaintiffs, were/are required to engage in significant security procedures (hereinafter "Closing Procedures") after clocking out of Defendant's timekeeping system and before they could/can leave Defendant's premises.

39. None of the time Named Plaintiff and Collective Plaintiffs spent/spend engaging in the Closing Procedures after clocking out was/is paid by Defendant; all such work was performed "off-the-clock."

40. Much of this uncompensated time consists of time worked more than 40 hours in a workweek when the time spent working on-the-clock and off-the-clock is aggregated.

41. By failing to pay Named Plaintiff and Collective Plaintiffs for time spent performing the Closing Procedures, Defendant failed/fails to pay them at least one and one-half times their regular rates for all hours worked more than 40 hours in a workweek.

42. The aforementioned conduct has caused Named Plaintiff and Collective Plaintiffs to suffer damages.

**Count I**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Failure to Pay Overtime Wages)**
**(Named Plaintiffs and Collective Plaintiffs v. Defendant)**

43.     The foregoing paragraphs are incorporated herein as if set forth in full.

44.     At all times relevant herein, Defendant is/was an employer within the meaning of the FLSA.

45.     At all times relevant herein, Defendant is/was responsible for paying wages to Named Plaintiffs and Collective Plaintiffs.

46.     At all times relevant herein, Named Plaintiffs and Collective Plaintiffs were/are employed with Defendant as "employees" within the meaning of the FLSA.

47.     Under the FLSA, an employer must pay an employee at least one and one-half times his or her regular rate for each hour worked more than 40 hours in a workweek.

48.     Defendant's violations of the FLSA include, but are not limited to, not paying Named Plaintiffs and Collective Plaintiffs earned overtime wages for hours spent performing the Opening Procedures and/or the Closing Procedures.

49.     Defendant's conduct in failing to pay Named Plaintiffs and Collective Plaintiffs properly under the FLSA was and is willful and was not based upon any reasonable interpretation of the law.

50.     As a result of Defendant's unlawful conduct, Named Plaintiffs and Collective Plaintiffs have suffered damages as set forth herein.

**WHEREFORE,** Named Plaintiff and Collective Plaintiffs pray that this Court enter an Order providing that:

(1)     Defendant is to compensate, reimburse, and make Named Plaintiff and Collective Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendant's illegal actions, including but not limited to past lost earning;

(2)     Named Plaintiffs and Collective Plaintiffs are to be awarded liquidated damages under the FLSA in an amount equal to the actual damages in this case;

(3)     Named Plaintiff and Collective Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law.

(4)     Named Plaintiff and Collective Plaintiffs' claims are to receive a trial by jury.

>Respectfully Submitted,
>
>GARNER & MUNOZ
>935 Gravier Street, Suite 1140
>New Orleans, LA 70112
>Telephone: (504) 581-7070
>Fax: (504) 581-7083
>Email:  jgm@g-mlaw.com
>
>S/JOHN G. MUNOZ
>JOHN G. MUNOZ - La. Bar No. #9830

PLEASE SERVE:

HANCOCK WHITNEY BANK
through their registered agent for service:
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816